of these districts, under an order of the board of property, made in the year 1815; in which he ran twelve miles from the west boundary of the state, as the northern line of Hoge's district. But, as the court refused to suffer that order or the survey made under it to be given in evidence, upon the ground that, as between these parties, they were ex parte and in no manner binding upon them, the evidence of the person who made that survey, as to the lines which he ran, can prove nothing in this cause. He has given no evidence, as to his own knowledge of the division line. He speaks, it is true, of some marked trees which he found on the line running south to the Ohio, twelve miles from the west boundary of the state, as do also Martin and E. Evans, on the line which the former ran, at the distance of eleven miles and one hundred and seventeen perches from the west boundary. But, whether these marked trees designate the district line, or merely the lines of the different surveys adjoining that line, is not explained by any one of the witnesses. Upon this evidence the jury must decide.

Verdict for plaintiff.

[The first verdict for the plaintiff was given in Case No. 5,822.]

GRIFFITH (UNITED STATES v.). See Case No. 15,263.

## Case No. 5,824.

### GRIFFITH v. WORTMAN.

[The case reported under above title in 13 Leg. Int. 361. and 19 Law Rep. 376, is the same as Case No. 18,057.]

GRIFFITH (WORTMAN v.). See Case No. 18,057.

## Case No. 5,825.

### In re GRIFFITHS.

[2 Lowell. 340; [1] 10 N. B. R. 456; 1 Cent. Law J. 507; 10 Alb. Law J. 249; 1 Am. Law T. Rep. 476.]

District Court, D. Massachusetts. Sept., 1874.

#### BANKRUPTCY—DISCHARGE.

Section 9 of the statute of 22d June. 1874 [18 Stat. 180]. concerning the conditions upon which a discharge is to be granted to bankrupts, applies to cases pending when the act was passed. Such a statute is not retrospective in the legal sense.

[Cited in Re Watson, Case No. 17,273: Re Derby. Id. 3,816; Re Lowenstein, Id. 8,573; Re Gifford, Id. 5,408; Re Townsend, 2 Fed. 562.]

In bankruptcy.

LOWELL, District Judge. The question presented by the register's certificate is whether section 9 of the act of June 22, 1874

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

(18 Stat. 180), which dispenses with the consent of creditors to the bankrupt's discharge in compulsory cases, applies to pending cases. It was settled by several decisions in Massachusetts that such amendments of the law affected all cases. Ex parte Lane, 3 Metc. [Mass.] 213; Eastman v. Hillard, 7 Metc. [Mass.] 420; Ex parte Bartlett, 8 Metc. [Mass.] 72; Eddy v. Ames, 9 Metc. [Mass.] 585. But as the law has been pronounced to be otherwise in relation to this statute, in an able opinion of Judge Blatchford's, I feel bound to give briefly my reasons for agreeing with the earlier decisions.

Section 9 says, in substance, that in cases of compulsory bankruptcy the provisions of the former laws requiring the payment of a certain proportion of debts, or the assent of a certain number of creditors, as a condition of a bankrupt's discharge, shall not apply; but if otherwise entitled, he is to have the discharge without such payment or assent. And in cases of voluntary bankruptcy no discharge shall be granted to a debtor whose assets shall not be equal to thirty per cent of the debts proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number, and one-third in value; and the provision in section 33 of the principal act [14 Stat. 533], requiring fifty per cent of such assets, is repealed.

It is plain, I think, that the section, on the face of it, applies to all cases in which a discharge is applied for after the passage of the act. It was so explained to the house of representatives by Mr. Tremain, who had the bill in charge. Congressional Record, June 17, 1874, p. 60. And the words are almost precisely like those of the statute, which was so construed in Ex parte Lane, 3 Metc. [Mass.] 213, in which Wilde, J., speaking for the court, said: "The court can have no authority to grant a discharge against a prohibition in the statute." And the other cases cited are similar. In all, the law was changed without any express application to future or past cases, and the court unhesitatingly applied it to both classes.

This construction is aided by the express words of repeal which are found in sections 9 and 21. The repeal is unqualified, and I know of no rule which will authorize me to limit the scope of the enactment of repeal, unless it were, indeed, to save rights or titles already vested. And this brings me to what I venture to call the fallacy that such a change in the bankrupt law is retroactive if it is made to affect pending cases. A law which discharges debts already contracted may well be called retroactive; and this law, if retroactive at all, would be so not merely as to cases begun, but as to contracts entered into before its passage. But it is well settled that a mere modification of the conditions upon which a discharge shall be granted to bankrupts, is not retroactive. "It is clear," says the eminent jurist already